THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| IN RE PUEBLO VIEJO DOMINICANA JERSEY 2 LIMITED,<br><br>Applicant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-mc-00619-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

### BACKGROUND[1]

Applicant Pueblo Viejo Dominicana Jersey 2 Limited ("Pueblo Viejo") is involved in two pending foreign court proceedings in the Superior Administrative Court of the Dominican Republic ("Dominican Proceedings").[2] The genesis of the Dominican Proceedings is Pueblo Viejo's ongoing project to build certain new facilities in the Dominican Republic related to Pueblo Viejo's mining operations ("Project").[3] As part of the Project, Pueblo Viejo was required to conduct an environmental impact study ("EIS") and apply for a license from the Ministry of Environment and Natural Resources.[4] Pueblo Viejo completed the EIS in October 2022 and

---

[1] District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 12.

[2] ECF No. 1 at 13-15 of 28.

[3] *Id*. at 10 of 28.

[4] *Id*.

obtained the required governmental license and authorizations in 2023.[5] Work on the Project began thereafter.[6]

Subsequently, certain local, non-governmental organizations (collectively, "Dominican Plaintiffs") filed the Dominican Proceedings, seeking to enjoin Pueblo Viejo's permit for the Project.[7] The Dominican Plaintiffs rely primarily upon a report authored by Steven Emerman, Ph.D. ("Dr. Emerman") in August 2023 ("Report"), which criticizes the EIS.[8] Pueblo Viejo asserts that Dr. Emerman resides in Utah.[9]

Pueblo Viejo applies ex parte for an order from this court in aid of the Dominican Proceedings ("Application") under 28 U.S.C. § 1782(a) ("Section 1782(a)").[10] Specifically, Pueblo Viejo seeks an order permitting it to serve subpoenas for the deposition of and production of documents from Dr. Emerman (collectively, "Subpoenas").[11] The Subpoenas seek information from Dr. Emerman about the Report, including his analysis, his engagement and funding sources, the instructions or guidance he received, the identity of others involved in preparing and reviewing the Report, and the Report's intended purpose.[12] Pueblo Viejo asserts that it is seeking

---

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*. at 11 of 28; ECF No. 1-1 at 2 of 31, ¶¶ 3-4, 18-31 of 31.

[10] ECF No. 1.

[11] ECF No. 1-1 at 3-17 of 31.

[12] ECF No. 1 at 15 of 28; ECF No. 1-1 at 3-17 of 31.

discovery from Dr. Emerman to assist it in defending against the Dominican Plaintiffs' use of the Report in the Dominican Proceedings.[13]

## LEGAL STANDARDS

Section 1782(a) permits an applicant to seek a court order to obtain discovery in aid of foreign proceedings. Specifically, Section 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.[14]

Thus, the court may grant an application under Section 1782(a) if: (1) "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made"; (2) "the discovery is for use in a proceeding before a foreign or international tribunal"; and (3) "the application is made by a foreign or international tribunal or any interested person."[15]

Even if those statutory requirements are satisfied, district courts have discretion in deciding whether to grant a Section 1782(a) application.[16] In exercising that discretion, district

---

[13] ECF No. 1 at 10 of 28.

[14] 28 U.S.C. § 1782(a).

[15] *In re Application for an Ord. Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proc.*, 773 F.3d 456, 460 (2d Cir. 2014); *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998) (same).

[16] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("[A] district court is not required to grant a [Section 1782(a)] discovery application simply because it has the authority to do so.").

courts are guided by the following four factors identified by the United States Supreme Court: (1) whether the person from whom discovery is sought is "outside the foreign tribunal's jurisdictional reach," making the discovery "unobtainable absent [Section 1782(a)] aid"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the [Section 1782(a)] request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requests are "unduly intrusive or burdensome."[17]

## ANALYSIS

As shown below: (I) the Application meets the requirements of Section 1782(a); and (II) the four discretionary factors weigh in favor of granting the Application. Therefore, the court recommends granting the Application.[18]

---

[17] *Id.* at 264-65.

[18] The fact that Pueblo Viejo has applied ex parte for an order under Section 1782(a) does not prevent the court from granting the Application. In fact, "it is neither uncommon nor improper for district courts to grant applications made pursuant to [Section 1782(a)] *ex parte.*" *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012); *see also Helen Trading S.A. v. McQuilling Partners Inc.*, No. 4:18-MC-154, 2018 WL 7252925, at *1 (S.D. Tex. Feb. 9, 2018) (same); *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("[Section 1782(a)] petitions are regularly reviewed on an *ex parte* basis."); *In re Ex Parte Application of Societe d'Etude de Realisation et d'Exploitation Pour le Traitement du Mais*, No. 13-MC-0266, 2013 WL 6164435, at *2 n.1 (E.D. Pa. Nov. 22, 2013) ("Any fair interpretation of [Section 1782(a)]'s plain language . . . should read it to encompass ex parte proceedings."). Further, granting the Application does not violate Dr. Emerman's due process rights "because he can later challenge any discovery request by moving to quash pursuant to [Fed. R. Civ. P. 45]." *Gushlak*, 486 F. App'x at 217; *Helen Trading S.A.*, 2018 WL 7252925, at *1 (same); *In re Ex Parte Application of Societe d'Etude de Realisation et d'Exploitation Pour le Traitement du Mais*, 2013 WL 6164435, at *2 n.1 (same).

### I. The Application Satisfies the Requirements of Section 1782(a).

The Application meets the three requirements of Section 1782(a) because: (A) Dr. Emerman resides or is found in this district; (B) the discovery Pueblo Viejo seeks from Dr. Emerman is for use in proceedings in a foreign tribunal; and (C) Pueblo Viejo is an interested person. Each requirement is discussed in turn.

### A. Dr. Emerman Resides or Is Found in This District.

Pueblo Viejo asserts, based upon information and belief, that Dr. Emerman resides or is found in this district.[19] Pueblo Viejo supports that assertion with documentation showing that Dr. Emerman maintains a Utah address.[20] Thus, the court finds that Dr. Emerman resides or is found in this district.

### B. The Discovery Pueblo Viejo Seeks from Dr. Emerman Is for Use in Proceedings in a Foreign Tribunal.

The discovery Pueblo Viejo seeks from Dr. Emerman is for use in proceedings before a foreign tribunal. When considering whether discovery is for use in a foreign proceeding, "district courts need not determine that the evidence would actually, or even probably, be admissible in the foreign proceeding. In fact, courts should generally refrain from doing so, and leave it to the foreign tribunal to decide what use it wants to make of the evidence obtained."[21] The burden on

---

[19] ECF No. 1 at 11 of 28.

[20] ECF No. 1-1 at 2 of 31, ¶¶ 3-4, 18-31 of 31.

[21] *In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010) (citation modified).

an applicant to show that the discovery sought has "some relevance to the foreign proceeding" is "*de minimis*."[22]

Pueblo Viejo contends that it will use the discovery from Dr. Emerman to rebut and impeach his opinions contained in the Report. Because the Dominican Plaintiffs rely primarily upon the Report, Pueblo Viejo has made the de minimis showing that the discovery it seeks will have some relevance in the Dominican Proceedings. Accordingly, that discovery is for use in the Dominican Proceedings.

Additionally, the Dominican court is a foreign tribunal under Section 1782(a). For purposes of Section 1782(a), the Supreme Court has defined the term "foreign tribunal" as "a tribunal imbued with governmental authority by one nation."[23] The Superior Administrative Court of the Dominican Republic is an adjudicative body that has authority to grant immediate and permanent injunctive relief.[24] Thus, it qualifies as a foreign tribunal.

   C.  Pueblo Viejo Is an Interested Person.

Pueblo Viejo qualifies as an interested person under Section 1782(a). Indeed, "litigants are included among, and may be the most common example of, the interested persons who may

---

[22] *Id.* (citation modified); *see also Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) ("The plain meaning of the phrase 'for use in a proceeding' indicates something that will be employed with some advantage or serve some use in the proceeding—not necessarily something without which the applicant could not prevail.").

[23] *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 631 (2022) (citation modified).

[24] ECF No. 1-2 at 6-7 of 193, ¶¶ 16-19.

invoke [Section 1782(a)]."[25] As a defendant in the Dominican Proceedings, Pueblo Viejo is an interested person.

As demonstrated above, the Application satisfies the three requirements of Section 1782(a). Accordingly, the court turns next to considering the four discretionary factors for a Section 1782(a) application.

## II. The Four Discretionary Factors Weigh in Favor of Granting the Application.

All the discretionary factors weigh in favor of granting the Application because: (A) Dr. Emerman is outside of the jurisdictional reach of the Dominican court; (B) Dominican courts are not hostile to assistance under Section 1782(a); (C) Pueblo Viejo is not attempting to circumvent discovery restrictions in the Dominican court; and (D) the Subpoenas do not seek discovery that is unduly intrusive or burdensome. Each factor is addressed in order below.

### A. Dr. Emerman Is Outside the Jurisdictional Reach of the Dominican Court.

Because Dr. Emerman is not a party to the Dominican Proceedings, the Dominican court cannot compel him to produce the discovery Pueblo Viejo seeks.[26] Dominican law does not provide for document production akin to the Federal Rules of Civil Procedure.[27] Instead, each party is expected to have documents in its possession to support its position.[28] Thus, without

---

[25] *Intel Corp.*, 542 U.S. 241 at 256 (citation modified); *In re: Application of Gazprom Latin Am. Servicios, C.A.*, No. 4:14-MC-1186, 2016 WL 3654590, at *1 n.1 (S.D. Tex. July 6, 2016) ("An interested party clearly includes parties to a foreign proceeding." (citation modified)).

[26] ECF No. 1-2 at 12 of 193, ¶ 29.

[27] *Id*.

[28] *Id*.

assistance under Section 1782(a), Pueblo Viejo cannot obtain the discovery it seeks in the Application.[29] Therefore, this factor weighs in favor of granting the Application.

### B. Dominican Courts Are Not Hostile to Section 1782(a) Assistance.

Dominican courts are not hostile to discovery obtained under Section 1782(a). When considering Section 1782(a) applications, courts presume that foreign courts will be receptive to discovery and will not determine that a foreign court is unreceptive without "authoritative proof that [the foreign court] would reject evidence obtained with the aid of [Section 1782(a)]."[30] Importantly, there is no Dominican law that prohibits Pueblo Viejo from seeking discovery from Dr. Emerman under Section 1782(a).[31] To the contrary, Dominican courts permit parties to use evidence collected in a foreign country.[32] Consistent with those principles, federal courts have granted Section 1782(a) applications in aid of Dominican proceedings.[33] Accordingly, this factor weighs in favor of granting the Application.

---

[29] *Id.*

[30] *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995); *In re Abubakar*, 696 F. Supp. 3d 479, 498 (N.D. Ill. 2023) ("Many courts . . . have held that this factor weighs in favor of granting the application unless there is some authoritative proof that the foreign court would oppose such assistance." (citing cases) (citation modified)).

[31] ECF No. 1-2 at 13 of 193, ¶ 31.

[32] *Id.*

[33] *See, e.g.*, *In re Rodriguez Guillen*, No. 20-MC-102 (ALC), 2020 WL 3497002, at *1-4 (S.D.N.Y. June 29, 2020) (granting Section 1782(a) application to aid in contemplated lawsuit in the Dominican Republic); *Matter of HES (Caribbean) Int'l Holdings, S.R.L.*, No. CV 20-506 (CCC) (ESK), 2020 WL 728892, at *1-4 (D.N.J. Feb. 13, 2020) (same).

### C. Pueblo Viejo Is Not Attempting to Circumvent Discovery Restrictions in the Dominican Court.

Pueblo Viejo is not attempting to circumvent discovery restrictions in the Dominican court. Under this factor, the court considers "whether the [Section 1782(a)] application disguises an end-run around rules, policies, or rulings in the foreign jurisdiction that affirmatively prohibit or preclude discovery of the material in question."[34] Where, as here, the court has determined under the second factor that the foreign court "might be receptive to [Section 1782(a)] evidence . . . , it would be a stretch to conclude that the [Section 1782(a)] proceeding was an attempt to circumvent [foreign] restrictions."[35]

There is nothing here to suggest that Pueblo Viejo is attempting to circumvent discovery restrictions in the Dominican court. Further, because the court has concluded that Dominican courts are receptive to discovery obtained under Section 1782(a), it would be difficult to say that Pueblo Viejo is attempting to engage in any such circumvention. Thus, this factor weighs in favor of granting the Application.

### D. The Subpoenas Do Not Seek Discovery That Is Unduly Intrusive or Burdensome.

The Subpoenas do not seek discovery that is unduly intrusive or burdensome. When considering this factor, the court applies "the standards for discovery set out in the Federal Rules of Civil Procedure" because those standards are applicable "when discovery is sought under [Section 1782(a)]."[36] Thus, "a district court evaluating a [Section 1782(a)] discovery request

---

[34] *Mussington v. Deborah Brosnan & Assocs., LLC*, 708 F. Supp. 3d 1, 19 (D.D.C. 2023).

[35] *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011).

[36] *In re Veiga*, 746 F. Supp. 2d at 19; *see also* 28 U.S.C. 1782(a) ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.").

should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of [Fed. R. Civ. P. 26]."[37]

The Subpoenas seek information from Dr. Emerman that is within the scope of discovery provided by Fed. R. Civ. P. 26(b)(1).[38] As stated above, the Subpoenas seek information from Dr. Emerman about the Report, including his analysis, his engagement and funding sources, the instructions or guidance he received, the identity of others involved in preparing and reviewing the Report, and the Report's intended purpose.[39] Given that the Dominican Plaintiffs rely primarily upon the Report in the Dominican Proceedings, the information Pueblo Viejo seeks is relevant. Additionally, based upon the court's review of the Subpoenas, they are narrowly tailored to seek information that is proportional. Consequently, the Subpoenas do not seek discovery that is unduly intrusive or burdensome, and, therefore, this factor weighs in favor of granting the Application.

---

[37] *Mees*, 793 F.3d 291 at 302; *see also Interbrew Cent. Eur. Holding BV v. Molson Coors Brewing Co.*, No. 13-CV-02096-MSK-KLM, 2013 WL 5567504, at *2 (D. Colo. Oct. 9, 2013) (providing that discovery sought in a Section 1782(a) application "is not unduly burdensome [if] it would be permitted under the Federal Rules of Civil Procedure").

[38] Fed. R. Civ. P. 26(b)(1) (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

[39] ECF No. 1 at 15 of 28; ECF No. 1-1 at 3-17 of 31.

**CONCLUSION AND RECOMMENDATION**

For the reasons stated above, the Application meets the requirements of Section 1782(a), and the four discretionary factors weigh in favor of granting the Application. Therefore, the court HEREBY RECOMMENDS that the Application[40] be GRANTED.[41]

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[42] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[43] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of October 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[40] ECF No. 1.

[41] The court issues this Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) because the United States Court of Appeals for the Tenth Circuit has questioned whether a magistrate judge has authority under 28 U.S.C. § 636(b)(1)(A) to issue a final order on a Section 1782(a) application. *Phillips v. Beierwaltes*, 466 F.3d 1217, 1220-22 (10th Cir. 2006).

[42] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[43] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).