# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| IN RE PUEBLO VIEJO DOMINICANA JERSEY 2 LIMITED,<br><br>Applicant. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:25-mc-00619-HCN-JCB**<br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Jared C. Bennett** |

### INTRODUCTION[1]

In the Dominican Republic, Pueblo Viejo Dominicana Jersey 2 Limited ("Pueblo Viejo") seeks to construct a facility for the co-disposal of mining tailings and waste rock from its Pueblo Viejo mine.[2] But environmental groups filed two cases with courts in the Dominican Republic to stop the project.[3] These lawsuits caused Pueblo Viejo to apply for an *ex parte* order under 28 U.S.C. § 1782(a) for Steven Emerman, Ph.D. ("Dr. Emerman"), a Utah resident, to sit for a deposition and to provide drafts of and other information about a report he prepared regarding Pueblo Viejo's project.[4] The court issued the order,[5] and Pueblo Viejo served the proposed subpoena.

---

[1] District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 22.

[2] ECF No. 1 at 10 of 28.

[3] *Id*.

[4] ECF No. 1.

[5] ECF No. 13; ECF No. 15.

But Dr. Emerman served an objection on Pueblo Viejo under Fed. R. Civ. P. 45(d)(2)(B) and refused to comply claiming that Pueblo Viejo could not use any of the subpoenaed material in the litigation pending in the Dominican Republic.[6] Under Rule 45(d)(2)(B)(i), Pueblo Viejo filed a motion to compel,[7] and the court held oral argument at which it heard the parties' arguments focused on deposing Dr. Emerman.[8] The court took Pueblo Viejo's motion under advisement.[9]

As shown below, the court denies without prejudice the motion to compel Dr. Emerman's testimony because it is improper. Although Rule 45(d)(2)(B) allows Dr. Emerman to serve an objection on Pueblo Viejo regarding its subpoena to produce documents, that rule does not allow him to object to a subpoena seeking his deposition. Because an objection to his deposition is improper under Rule 45(d)(2)(B), so is a motion to compel his testimony. Instead of proceeding as they did, Dr. Emerman should have filed a motion to quash under Rule 45(d)(3) or a motion to reconsider the court's order permitting issuance of the subpoena, and Pueblo Viejo should have filed a motion under Rule 45(g) for an order to show cause why Dr. Emerman should not be held in contempt for failure to comply with the subpoena.

This procedural tangle is more than form over substance. Each potential above-mentioned motion carries its own unique burdens and standards. Consequently, the court cannot look the other way and decide the dispute over Dr. Emerman's deposition under incorrect procedures. To

---

[6] ECF No. 18-2.

[7] ECF No. 18.

[8] ECF No. 24.

[9] *Id.*

ensure that the court has a clear record and that the parties provide the court with analysis under the proper burdens, standards, and up-to-date facts, the court denies without prejudice the motion to compel as to the deposition and will await a motion that is cognizable under Rule 45 or other law. If Pueblo Viejo or Dr. Emerman files an appropriate motion, the court will issue an expedited briefing schedule and quickly decide the motion(s).

**ANALYSIS**

**I.      Pueblo Viejo and Dr. Emerman Failed to Follow Rule 45 as to the Deposition.**

Rule 45 neither allows a party subpoenaed for a deposition to serve an objection on the requesting party nor allows the serving party to file a motion to compel that deposition. Rule 45(a)(1)(A)(iii) allows a subpoena to seek three distinct classes of discovery from third parties: (1) testimony; (2) production of documents, electronically stored information ("ESI"), or tangible things in a person's possession, custody, or control; or (3) inspection of property. These three classes of discoverable material are important for how the rest of Rule 45 functions. For example, Rule 45(d)(2)(B) allows a subpoenaed party to file an objection with opposing counsel when "commanded to produce documents or tangible things or to permit inspection." Once an objection is filed, the requesting party "may move the court . . . for an order compelling production or inspection."[10] Notice that "testimony" is conspicuously absent from the objection/motion to compel procedure under Rule 45(d)(2)(B). Further evincing this conspicuous absence of "testimony" is the fact that a party moving to compel after a timely objection can seek from the court only "an order compelling production or inspection," not testimony.[11] Thus, the

---

[10] Fed. R. Civ. P. 45(d)(2)(B)(i).

[11] *Id.*

3

text of Rule 45(d)(2)(B) neither countenances an "objection" for testimony nor allows a court to order a party to sit for a deposition on a motion to compel.

This omission of testimony is not accidental for at least three reasons. First, Rule 45(d)(2) is titled, "Command to Produce Materials or Permit Inspection," which omits any reference to providing testimony. This further evinces that Rule 45(d)(2) intentionally excludes "testimony" from the scope and reach of its procedures.

Second, the canon of construction *expressio unius est exclusio alterius* applies. That canon translates to "the expression of one item of an associated group or series excludes another left unmentioned."[12] "In other words, the notion is one of negative implication: the enumeration of certain things in a statute suggests that the legislature had no intent of including things not listed or embraced."[13] This canon applies because Rule 45(a)(1)(A)(iii) makes a clear distinction among the three categories of discovery a party may obtain by subpoena: (1) testimony; (2) production of documents, ESI, or tangible things in a person's possession, custody, or control; or (3) inspection of a premises. Rule 45(c)(1) specifically addresses the rules for compliance regarding a subpoena to provide testimony. Textually, this shows that when the drafters of Rule 45 want to include testimony, they know how to do it. That they omitted the term from the objection and motion to compel process of Rule 45(d)(2)(B) reflects a clear intent to include within that process only the production of documents, ESI, or tangible things in a person's possession, custody, or control and inspection of a premises—not testimony.

---

[12] *Navajo Nation v. Dalley*, 896 F.3d 1196, 1213 (10th Cir. 2018) (citation modified).

[13] *Id.* (citation modified).

Third, nothing in the legislative history of Rule 45 undermines this textual analysis. The Advisory Committee notes for the 1991 amendments, which enacted the language that produced the modern-day iteration of the Rule 45(d)(2)(B) objection/motion to compel process, provide:

> [A] subpoena for a deposition must still issue from the court in which the deposition or production would be compelled. Accordingly, a *motion to quash* such a subpoena if it overbears the limits of the subpoena power *must*, as under the previous rule, *be presented* to the court for the district in which the deposition would occur.[14]

In other words, the drafters of Rule 45 meant to exclude subpoenas that require testimony from the objection/motion to compel process of Rule 45(d)(2)(B) because subpoenaed parties for testimony must file a motion to quash if they want to be out from under Rule 45's obligation to testify. Thus, under Rule 45(d)(2)(B), both an objection to and a motion to compel subpoenaed testimony are improper.

Despite the plain language of Rule 45(d)(2)(B) and its history, Dr. Emerman argues that seeking to quash a subpoena in a response to a motion to compel is proper. In support, he cites a case from the District of Nevada, *In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*[15] This case does nothing to undermine the court's analysis above because neither party in the case even raised the issue, and, consequently, the court never ruled on it. That is not persuasive authority especially considering the text and history of Rule 45(d)(2)(B).

Given that the subpoena for Dr. Emerman's deposition is not subject to the objection/motion to compel process of Rule 45(d)(2)(B), the parties should have addressed their

---

[14] Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment (emphasis added).

[15] No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103 (D. Nev. May 28, 2015).

respective concerns through other mechanisms. As to Pueblo Viejo, when a party fails to respond to a subpoena to which the objection/motion to compel process does not apply, Rule 45(g) provides the only remedy. Pueblo Viejo should have moved for an order to show cause why Dr. Emerman should not be held in contempt for failing to comply with the subpoena.

Conversely, because Dr. Emerman's objection to a subpoena seeking testimony cannot trigger the motion to compel process of Rule 45(d)(2)(B), his only Rule 45 option was to move to quash, and, apart from Rule 45, he could have moved the court to reconsider its order permitting issuance of the subpoena.[16] In other words, Dr. Emerman could have sought affirmative relief from the court-ordered subpoena instead of improperly raising his claims to rescind the subpoena in a response to a motion to compel, which has no basis under Rule 45 and violates local rules by seeking affirmative relief in a response.[17]

Given that neither party has presented the court with a proper motion regarding the subpoena for testimony—which is the real issue in this matter as discussed at oral argument—the court must deny without prejudice Pueblo Viejo's motion to compel Dr. Emerman's testimony. When considering contempt, whether to quash a subpoena, or whether to reconsider an order allowing issuance of a subpoena, each party must meet certain burdens and standards that are unique to each respective motion. The parties have neither mentioned nor addressed those standards in the current procedural posture. Additionally, during oral argument, there was

---

[16] *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474-76 (5th Cir. 2022) (allowing a motion to reconsider an order permitting issuance of a subpoena *ex parte* under 28 U.S.C. § 1782(a)).

[17] DUCivR 7-1(a)(3) ("A party may not make a motion . . . in a response or reply. Any motion must be separately filed.").

considerable debate as to status of litigation in the Dominican Republic. Both parties agreed at oral argument that the litigation landscape in the Dominican Republic has changed significantly since Pueblo Viejo's petition was filed. Given that the court lacks the appropriate motions, legal arguments, and, potentially, facts to decide the issue, the court declines to do so until an appropriate motion is filed. If an appropriate motion is filed, the court will order an expedited briefing schedule, and if the motion is adequately briefed, the court will promptly decide the issues recognizing how long this summary proceeding has been pending already.

### ORDER

The court DENIES WITHOUT PREJUDICE Pueblo Viejo's motion to compel[18] as to testimony for the reasons stated above and invites the parties to file the appropriate motion(s) to address their respective concerns about the deposition of Dr. Emerman.[19]

IT IS SO ORDERED.

DATED this 10th day of June 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 18.

[19] As to Pueblo Viejo's subpoena requesting only production of documents, the court acknowledges that Rule 45(d)(2)(B) allows the objection/motion to compel process. Recognizing that the subpoena for testimony is the core issue, and for purposes of judicial economy, the court invites Pueblo Viejo to refile a motion to compel with respect to production, and if that motion is filed, the court will decide it jointly with any subsequently filed motion to quash the subpoena duces tecum for testimony or to reconsider the order permitting issuance of the subpoena duces tecum for testimony.